1  Mark D. Campbell (SBN 180528)
   mcampbell@shb.com
2  Michael L. Mallow (SBN 188745)
   mmallow@shb.com
3  Rachel A. Straus (SBN 268836)
   rstraus@shb.com
4  SHOOK, HARDY & BACON L.L.P.
   2049 Century Park East, Suite 3000
5  Los Angeles, California 90067
   Telephone:   424.285.8330
6  Facsimile:   424.204.9093

7  Molly S. Carella (*admitted pro hac vice*)
   mcarella@shb.com
8  SHOOK, HARDY & BACON L.L.P.
   2555 Grand Boulevard
9  Kansas City, Missouri 64108
   Telephone: 816.474.6550
10 Facsimile: 816.421.5547

11 Attorneys for Defendant
   TOYOTA MOTOR SALES, U.S.A., INC.

12 [*Additional Counsel Cont'd. on Next Page*]

13                    UNITED STATES DISTRICT COURT

14                   CENTRAL DISTRICT OF CALIFORNIA

15

16 GLENN KESSELMAN, an individual,          )  Case No. 2:21-cv-06010-AB-JC
   on behalf of himself and all others      )
17 similarly situated, *et al.*             )  Assigned to: Hon. André Birotte Jr.
                                            )
18            Plaintiffs,                    )
                                            )
19       v.                                  )  **STIPULATION REGARDING**
                                            )  **STIPULATED PROTECTIVE ORDER**
20 TOYOTA MOTOR SALES, U.S.A.,             )
   INC., a California corporation; TOYOTA   )
21 MOTOR NORTH AMERICA, INC., a            )
   California corporation; TOYOTA          )
22 MOTOR ENGINEERING &                     )
   MANUFACTURING NORTH                      )
23 AMERICA, INC., a foreign corporation;   )
   and DOES 1 through 100, inclusive,       )
24                                          )
             Defendants.                    )
25                                          )
                                            )
26 ─────────────────────────────           )

27

28

─────────────────────────────────────────────
              STIPULATION RE STIPULATED PROTECTIVE ORDER

Mike Arias (CSB #115385)
Craig S. Momita (CSB #163347)
Robert M. Partain (CSB #221477)
ARIAS SANGUINETTI WANG & TORRIJOS LLP
6701 Center Drive West, Suite 1400
Los Angeles, CA 99045
Telephone:  (310) 844-9696
Facsimile:   (310) 861-0168
mike@aswtlawyers.com
craig@aswtlawyers.com
robert@aswtlawyers.com

Richard S. Cornfeld (Mo. Bar No. 0519391)
Daniel S. Levy (Mo. Bar No. 6315524)
LAW OFFICE OF RICHARD S. CORNFELD, LLC
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
Telephone:  (314) 241-5799
Facsimile:   (314) 241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

Mark C. Goldenberg, (Ill. Bar No. 0990221)
Thomas P. Rosenfeld (Ill. Bar No. 06301406)
Kevin P. Green (Ill. Bar No. 06299905)
GOLDENBERG HELLER & ANTOGNOLI, P.C.
2227 South State Route 157
Edwardsville, IL 62025
Telephone: (618) 656-5150
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

Attorneys for Plaintiffs

STIPULATION RE STIPULATED PROTECTIVE ORDER

**COME NOW THE PARTIES, BY AND THROUGH THEIR COUNSEL, AND HEREBY STIPULATE AS FOLLOWS:**

1.  On March 15, 2022, this Court approved the Parties' stipulation to consolidate this matter (*Kesselman v. Toyota Motor Sales, U.S.A., Inc.*, Case No. 2:21-cv-06010-AB-JC), with the newly transferred *Freeman et al. v. Toyota Motor Sales, U.S.A., Inc.* matter (Case No. 2:22-cv-00863-AB-JC), and ordered the cases consolidated for all purposes.

2.  In the March 15, 2022 Order, this Court ordered the Parties to file the Stipulated Protective Order, Stipulated Order Regarding Electronically Stored Information, and Stipulated Order Regarding the Disclosure of Privileged Information submitted in *Freeman* (appearing in *Freeman* at Dkt. Nos. 52-54), in the consolidated action by March 25, 2022.

**ACCORDINGLY, THE PARTIES DO HEREBY STIPULATE, SUBJECT TO COURT APPROVAL, AS FOLLOWS:**

1.  **APPLICABILITY OF THE PROTECTIVE ORDER.**  This Stipulated Order Governing the Designation and Handling of Confidential Materials (hereinafter "Order") shall govern for pre-trial purposes the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure by or from a Party in connection with this Consolidated Action (this information hereinafter referred to as "Discovery Material").  All references to "Party," "Receiving Party," "Producing Party" or "Designating Party" throughout this Order are intended to include non-parties.

2.  **DESIGNATION OF MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL".**  Any Producing Party may designate Discovery Material as "Confidential" or "Highly Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public financial or commercially sensitive information that could cause it

competitive harm in the marketplace or personal private information that could potentially cause harm to the interests of the disclosing party or nonparties, that requires protections provided in this Order (hereinafter referred to as "Confidential Material" or "Highly Confidential Material"). Confidential Material and Highly Confidential Material are collectively defined as "Covered Information."

    a. **"Confidential Material."** For purposes of this Order, Confidential Material may include, but is not limited to, trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and any applicable case law interpreting Rule 26(c)(1)(G).

    b. **"Highly Confidential Material."** For purposes of this Order, Highly Confidential Material shall include, but is not limited to, any Protected Data (defined in Section 2.b.(i) below) and/or Confidential Materials as defined herein, which also includes non-public product design and testing information or extremely sensitive, highly confidential, non-public information, consisting either of trade secrets or proprietary or other highly confidential business, financial, regulatory, or strategic information (including information regarding business plans, technical data, and non-public designs), the disclosure of which would create a substantial risk of competitive or business injury to the Producing Party. Certain Protected Data may compel alternative or additional protections beyond those afforded Highly Confidential Material, in which event the parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

    i. **"Protected Data."** Protected Data shall refer to any information that a party believes in good faith to be subject to federal, state, or foreign Data Protection Laws or other privacy obligations,

4

STIPULATION RE STIPULATED PROTECTIVE ORDER

including but not limited to personally identifiable information ("PII"). Protected Data constitutes highly sensitive materials requiring special protection. Any party may redact Protected Data that it claims, in good faith, requires protections under the terms of this Order. Protected Data, however, shall not be redacted from Discovery Material to the extent it directly relates to or identifies an individual named as a party in this Litigation. Protected Data of an individual named as a party shall otherwise receive the same protections and treatment afforded to other Protected Data under this Protective Order.

3. **MARKING OF DOCUMENTS.** The designation of Discovery Material as Confidential Material or Highly Confidential Material or Protected Data for purposes of this Order shall be made in the following manner:

a. **PDF Documents.** In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by affixing the legend "Confidential" or "Highly Confidential" to all pages in each document containing any Confidential Material or Highly Confidential Material, respectively.

b. **Native Documents.** With respect to documents or materials containing Covered Information produced in Native Format, the Designating Party shall include the highest level of confidentiality designation in the filename.

c. **Designating Depositions.** With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as "Confidential" or "Highly Confidential" on the record at the deposition, or by serving such designations within 15 days after receipt of the transcript of the deposition in which the designations are made. All deposition transcripts shall be treated as Highly Confidential for 15 days

following receipt of the transcript.

d.    **Non-Written Materials.**  Any non-text Covered Information (e.g., videotape, audio tape, computer disk, etc.) may be designated as such by labeling the outside of such material as "Confidential" or "Highly Confidential".  In the event a Receiving Party generates any "hard copy" transcription or printout from any such designated non-written materials, the person who generates such "hard copy" transcription or printout shall take reasonable steps to maintain the confidentiality of such materials and properly identify and stamp each page of such material as "Confidential" or "Highly Confidential" consistent with the original designation by the Producing Party.

Markings will be applied prior to or at the time the documents are produced or disclosed and shall be done in a manner that will not interfere with the legibility of the document.

4.    **DISCLOSURE OF COVERED INFORMATION.**  The failure to designate Covered Information does not constitute a waiver of such claim and may be remedied by supplemental written notice within seven days upon discovery of the disclosure, with the effect that such Covered Information will be subject to the protections of this Order.  The Receiving Party shall exercise good faith efforts to ensure that copies made of Covered Information produced to it, and copies made by others who obtained such Covered Information directly or indirectly from the Receiving Party, include the appropriate confidentiality legend, to the same extent that the Covered Information has been marked with the appropriate confidentiality legend by the Producing Party.

5.    **MATERIALS PREPARED BASED UPON COVERED INFORMATION.**  Any notes, lists, memoranda, indices, compilations, or other materials prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information with such specificity that the Covered Information

6

can be identified shall be accorded the same status of confidentiality as the underlying Covered Information from which they are made, shall be designated with the appropriate confidentiality legend, and shall be subject to all of the terms of this Protective Order.

6.    **NOTICE TO NON-PARTIES.**  Any Party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) business days, the non-party either request the protection of this Protective Order or notify the issuing Party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

7.    **GOOD-FAITH BELIEF.**   For purposes of this Order, the Party designating Discovery Material as "Confidential" or "Highly Confidential" (the "Designating Party") bears the burden of establishing the appropriate designation of all such Discovery Material. The designation of any Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Order shall constitute the verification by the Designating Party and its counsel that the material constitutes "Confidential" or "Highly Confidential" as defined above.  Blanket designation of documents or information as "Confidential" or "Highly Confidential" without regard to the specific contents of each document or piece of information is prohibited.

8.    If at any time prior to the trial of this Consolidated Action a Party realizes that previously produced Discovery Material should be designated as "Confidential" or "Highly Confidential" the Party may so designate by advising all other Parties in writing and by producing replacement documents or material with the appropriate "Confidential" or "Highly Confidential" designation as described above.   The designated documents or material will thereafter be treated as "Confidential" or "Highly Confidential" pursuant to this Order.  Upon receipt of such designation in writing and re-production of the material with the "Confidential" or "Highly Confidential" stamp, the Parties and other persons subject to this Order shall take reasonable and appropriate steps to notify any and all recipients of the Discovery Material about the protected status

of the newly designated "Confidential" or "Highly Confidential" and to retrieve the newly designated "Confidential" or "Highly Confidential" from any person who is not permitted by this Order to have Confidential Information.

9.     No Party receiving Covered Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter.  No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

10.    **PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL MATERIAL.** Confidential Material may be disclosed only to the following "Qualified Persons":

a. the Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury;

b.    mediators or other individuals engaged or consulted in settlement of all or part of this Consolidated Action;

c.    the Parties;

d.    counsel of record for the Parties, including all partners, members, and associate attorneys of such counsel's law firms who are assisting in the conduct of the Consolidated Action, as well as any other counsel and support personnel of such counsel who may be assisting counsel of record for the parties in the conduct of the Consolidated Action, and all clerks, employees, independent contractors, consultants, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the supervision of such partners or associate attorneys;

e.    litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of

8

supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel, provided that they execute Exhibit A as described in Paragraph 13 of this Order;

f. any expert witness, outside consultant, retained specifically in connection with this litigation, however (i) the disclosure shall be made only to an individual expert, or to members, partners, employees or agents of an expert consulting firm as the expert consulting firm shall designate as the persons who will undertake the engagement on behalf of the expert consulting firm (the "Designated Expert Personnel"); (ii) the individual expert or Designated Expert Personnel use the information solely in connection with this Consolidated Action; and only after such persons have completed the written assurance attached on Exhibit A, and provided that, Plaintiffs agree not to show any such persons who are employed by or a principal with a competitor of Defendant documents that Defendant claims are Confidential or Highly Confidential until after Plaintiff designates such individual or otherwise gives Defendant advance notice of their intention. If Plaintiffs seek to show any such persons Confidential or Highly Confidential documents, Plaintiffs will raise the issue with Defendant at that time, and if necessary, with the Court and (v) the terms of Paragraph 17 of this Order are satisfied;

g. Any person (i) who created, authored, received or reviewed such Covered Information; (ii) is or was a custodian of the Covered Information; (iii) is identified on such Covered Information; or (iv) is or was an employee of the producing party and is reasonably believed to have knowledge of the matters in the Covered Information;

h. Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will

assist the witness in recalling, relating, or explaining facts or in testifying, and only after such persons have completed the written assurance attached on Exhibit A;

i.    auditors and insurers of the Parties; and

j.    any other person as may be designated by written agreement by the Producing Party or by order of the Court.

11.    **PERSONS AUTHORIZED TO RECEIVE HIGHLY CONFIDENTIAL MATERIAL.**    Except as specifically provided for in this or subsequent Court orders, Highly Confidential Material, Protected Data, or their contents may only be disclosed, summarized, described, or otherwise communicated or made available in whole or in part only to the persons identified and conditions set forth in Paragraphs 10(a)-(b), (d)-(f), (h), and (j), and:

a.    Members of the in-house legal departments for the parties or their parents or affiliates, including their paralegals, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in this Litigation; or

b.    Any person who (1) (a) created, authored, received or reviewed such Covered Information, (b) is or was a custodian of the Covered Information, (c) is identified on such Covered Information; and (2) has signed Exhibit A as described in paragraph 12.

12.    **EXECUTING THE NON-DISCLOSURE AGREEMENT.**    Each person as identified in Paragraphs 10(e), (f) and (h) and 11 (b) to whom Covered Information is disclosed shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Covered Information. Execution may be made with an electronic signature. Copies of the executed Exhibit A shall be retained by counsel disclosing Covered Information to such person.

13.    **CHALLENGING "CONFIDENTIAL" DESIGNATIONS.**    A Party objecting to the designation of any material as Confidential or Highly Confidential or

10

Protected Data shall give written notice to the Designating Party, and the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention, as contemplated in the Local Rules.  If the objecting Party and the Designating Party cannot resolve their dispute through such meet and confer discussions, the Challenging Party may file and serve a motion to challenge confidentiality that identifies the challenged material and sets forth in detail the basis for the challenge.  The Designating Party has the burden of establishing that the document is entitled to protection.  Any challenged material shall remain as designated, and shall be subject to all of the restrictions on its disclosure and use set forth in this Order until such time as the Court may determine otherwise.  In the event the Court rules that the challenged material is not Confidential or Highly Confidential, the Designating Party shall reproduce copies of all materials so designated without such designation at the Designating Party's expense within ten business days.

14. **SUBPOENA FOR COVERED INFORMATION.**  If any Party has obtained Covered Information under the terms of this Order and receives a request to produce such Covered Information by subpoena or other compulsory process commanding the production of such Covered Information, such Party shall promptly notify the Designating Party, including in such notice the date set for the production of such subpoenaed information. The receiving party also must immediately inform in writing the party who caused the subpoena to issue in the other litigation that some or all of the material covered by the subpoena is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue. The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party bears the burden and expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this

11

action to disobey a lawful directive from another court.

15.  **USE OF DISCOVERY MATERIAL.**  Covered Information shall be used solely for purposes of the Litigation, including any appeal.

16.  **EXCLUSION OF INDIVIDUALS FROM DEPOSITIONS.**  Counsel shall have the right to exclude any person who is not authorized by this Order to receive documents or information designated as Covered Information from any deposition where testimony regarding Covered Information or the use of Covered Information is likely to arise.

17.  **SECURITY OF COVERED INFORMATION.**  Any person in possession of another Party's Covered Information shall exercise the same care with regard to the storage, custody, or use of Covered Information as they would apply to their own material of the same or comparable sensitivity. Receiving Parties must take reasonable precautions to protect Covered Information from loss, misuse and unauthorized access, disclosure, alteration and destruction.

    a. Covered Information in electronic format shall be maintained in a secure manner that applies standard industry practices regarding data security, including limiting access to Covered Information to those persons entitled to access it under this Order.;

    b. Any Covered Information in electronic format shall only be stored on device(s) (e.g. laptop, tablet, smartphone, thumb drive, portable hard drive) that are password protected and encrypted. If the user is unable to password protect and/or encrypt the device, then the Covered Information shall be password protected and/or encrypted at the file level.

    c. Covered Information in paper format is to be maintained in a secure location with access limited to persons entitled to access Covered Information under this Order; and

    d. Summaries of Covered Information, including any lists, memorandum,

12

indices or compilations prepared or based on an examination of Covered Information, that quote from or paraphrase Covered Information in a manner that enables it to be identified shall be accorded the same status of confidentiality as the underlying Covered Information.

e.     If the recipient of Covered Information is shipping data in electronic format, the recipient shall encrypt the data prior to shipping and provide the encryption key in separate correspondence.  If hard copy documents are shipped, the Receiving Party will ship the documents using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials.  If the Receiving Party learns at any time that the Covered Information has been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials.

f.     If the Receiving Party discovers a breach of security relating to the Covered Information of a Producing Party, the Receiving Party shall: (1) provide written notice to the Producing Party of the breach within 48 hours of the Receiving Party's discovery of the breach; (2) investigate and attempt to remediate the effects of the breach, and take appropriate actions to ensure the breach will not recur; and (3) provide sufficient information about the breach that the Producing Party can ascertain the size and scope of the breach. The Receiving Party agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident.

18.     **FILING COVERED INFORMATION.**  In the event a Party seeks to file any document containing Confidential Information or Highly Confidential Information subject to protection under this Order with the Court, that Party must take appropriate action to ensure that the document receives proper protection from public disclosure

13

including:  (a) filing a redacted document such that the document completely redacts any Confidential Information or highly Confidential Information; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for in camera review; or (c) when the preceding measures are inadequate, because, for instance, the filer desires to have the court review the redacted portions, seeking permission to file the document under seal by filing a motion for leave to file under seal in accordance with applicable rules.  Nothing in this Order will be construed as a prior directive to allow any document to be filed under seal.  The Parties understand that the requested documents may be filed under seal only with the permission of the Court after proper motion.

19.   **FINAL TERMINATION.**   Upon final termination of the Consolidated Action, including any and all appeals, counsel for each Party shall, upon request of the Producing Party, return all Covered Information, including any copies, excerpts and summaries thereof, or shall destroy same at the option of the Receiving Party, and shall purge all such information from all machine-readable media on which the Covered Information resides.  Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery responses, deposition transcripts, deposition exhibits, expert reports, motions, and other documents filed with the Court that refer to or incorporate Covered Information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work-product materials that contain Covered Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

20.   **PROTECTIVE ORDER REMAINS IN FORCE.**  This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the Parties or by order of the Court made upon reasonable written notice.  Unless otherwise ordered or agreed upon by the parties, this Protective Order shall survive the termination of this Consolidated Action.  The Court retains jurisdiction even after

14

STIPULATION RE STIPULATED PROTECTIVE ORDER

termination of this Consolidated Action to enforce this Protective Order and to make such amendments, modifications, deletions and additions to this Protective Order as the Court may from time to time deem appropriate.

21.   **MODIFYING THIS ORDER.**   Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court.   Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

**IT IS SO STIPULATED.**

Dated:  March 25, 2022                  SHOOK, HARDY & BACON L.L.P.

                                        By:  */s/ Mark D. Campbell*
                                        Mark D. Campbell
                                        Michael L. Mallow
                                        Rachel A. Straus
                                        Molly S. Carella

                                        Attorneys for Defendant
                                        TOYOTA MOTOR SALES, U.S.A., INC.,


                                        ARIAS SANGUINETTI WANG & TORRIJOS
                                        LLP

Dated:  March 25, 2022                  By:  */s/ Robert M. Partain*
                                        Mike M. Arias
                                        Craig S. Momita
                                        Robert M. Partain

                                        Attorneys for Plaintiffs
                                        LAW OFFICE OF RICHARD S.
                                        CORNFIELD, LLC

                                        Richard S. Cornfeld
                                        Daniel S. Levy

                                        Attorneys for Plaintiffs

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOLDENBERG HELLER & ANTOGNOLI, P.C.

Mark C. Goldenberg
Thomas P. Rosenfeld
Kevin P. Green

Attorneys for Plaintiffs

**IT IS SO ORDERED.**

Dated:   March 30, 2022       _____/s/_____

Hon. Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE

STIPULATION RE STIPULATED PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [*print or type full name*], of
_____ [*print or type full
address*], have read and understand the Stipulated Protective Order that was issued by
the United States District Court for the Central District of California on March 30, 2022
in the consolidated case *Kesselman, et al. v. Toyota Motor Sales U.S.A., Inc.*, Case No.
2:21-cv-06010-AB (JCx).  I agree to comply with and to be bound by all the terms of
this Stipulated Protective Order.  In compliance with this Order, I will not disclose in
any manner any information or item that is subject to this Stipulated Protective Order
to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for
the Central District of California for the purpose of enforcing the terms of this Stipulated
Protective Order, even if such enforcement proceedings occur after termination of this
action.

I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.  Signed this _____ day of _____,
20___, at _____ [*insert city and state
where sworn and signed*].

Signature:_____

17

STIPULATION RE STIPULATED PROTECTIVE ORDER