# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| GLENN KESSELMAN, *et al.*, | CV 21-06010 TJH (JCx) |
| Plaintiffs, | |
| v. | **Order** |
| TOYOTA MOTOR SALES, U.S.A., INC., *et al.*, | [59] |
| Defendants. | |

The Court has considered Defendant Toyota Motor Sales, U.S.A., Inc.'s ["Toyota"] motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, together with the moving and opposing papers.

This consolidated putative class action against Toyota, currently, has 15 named Plaintiffs, with each residing in a different state. The states are Arizona, California, Colorado, Florida, Georgia, Illinois, Maryland, Minnesota, New Jersey, New York, North Carolina, Ohio, Oregon, Pennsylvania, and Washington.

The following facts were alleged in the First Amended Complaint ["FAC"]. Each of the named Plaintiffs purchased or leased a Toyota vehicle that had a defective hands-free Bluetooth cellular telephone system. The defect causes people on the other

end of telephone calls to hear an echo of their own voice ["Echo Defect"], making the hands-free system unusable.  The Echo Defect is caused by a defect in each vehicle's head unit hardware and/or software.  Toyota was aware of the Echo Defect but failed to disclose it to the Plaintiffs.

On June 16, 2021, this case was filed in the Los Angeles County Superior Court. On July 26, 2021, Toyota removed based on the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453.  This case was, originally, assigned to Judge André Birotte, Jr.

On December 29, 2021, the Plaintiffs filed their FAC.  The FAC consolidated Menzel v. Toyota Motor Sales, U.S.A., Inc., *et al.*, No. CV 21 00781 MMH (M.D. Fla.) and Lawler v. Toyota Motor Sales, U.S.A., Inc., *et al.*, No. CV 2100354 NJR (S.D. Ill.) into this case.  Per an order issued by Judge Birotte, the anticipated second amended complaint will consolidate Terry Freeman, *et al.*, v. Toyota Motor Sales U.S.A., Inc., *et al.*, No. CV 22-00863 AB (C.D. Cal.) into this case.

The FAC alleged 22 claims for violations of the following consumer fraud statutes from 15 states: (1) California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (2) California Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (3) Arizona Consumer Fraud Act, Ariz. Rev. Stat. § 44-1521, *et seq.*; (4) Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*; (5) New York General Business Law for Deceptive Acts or Practices, N.Y. Gen. Bus. § 349 ["New York Deceptive Acts Law"]; (6) New York General Business Law for False Advertising, N.Y. Gen. Bus. § 350 ["New York False Advertising Law"]; (7) Maryland Consumer Protection Act, Md. Com. Law. § 13-101, *et seq.*; (8) North Carolina Unfair and Deceptive Acts and Practices Act, N.C. Gen. Stat § 75-1.1, *et seq.* ["North Carolina Deceptive Acts Law"]; (9) Washington Consumer Protection Act, Wash. Rev. Code § 19.86.010, *et seq.*; (10) Illinois Consumer Fraud and Deceptive Business Practice Act ["Illinois Consumer Fraud Act"] by means of unfair business practices, 815 Ill. Comp. Stat. § 505/1, *et seq.*; (11) Illinois Consumer Fraud Act by means of deception, 815 Ill. Comp. Stat. § 505/1, *et seq.*; (12) Unjust Enrichment

under Illinois law; (13) Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1, *et seq*. ["Pennsylvania Unfair Trade Practices Law"]; (14) Georgia Fair Business Practices Act, Ga. Code Ann. § 10-1-390, *et seq*.; (15) Georgia Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 10-1-370, *et seq*. ["Georgia Deceptive Trade Practices Act"]; (16) Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq*. ["Florida Deceptive Trade Practices Act"]; (17) Unjust Enrichment under Florida law; (18) Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq*.; (19) Oregon Unlawful Trade Practices Act, Oregon Rev. Stat. § 646.605, *et seq*.; (20) New Jersey Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq*.; (21) Minnesota Prevention of Consumer Fraud Act, Minn. Stat. § 325f.68, *et seq*. ["Minnesota Consumer Fraud Act"]; and (22) Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325d.43-48, *et seq*.

Toyota, now, moves to dismiss the FAC pursuant to Fed. R. Civ. P. 12(b)(6).

**Motion to Dismiss for Failure to State a Claim**

Dismissal under Fed. R. Civ. P. 12(b)(6) is proper when a complaint exhibits either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). To sufficiently state a claim, a plaintiff must allege enough facts so that the requested relief is plausible on its face and the defendant receives notice of the basis for the claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Further, all inferences must be drawn in favor of the Plaintiffs and the Court must accept all allegations in the complaint as true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the Court has diversity jurisdiction over state law claims, as is the case here, it must apply federal procedural law and state substantive law. *Hanna v. Plumer*, 380 U.S. 460, 465 (1965). When there is a challenge to the sufficiency of the facts alleged to support a cognizable legal theory, that is a procedural issue governed by federal procedural law. *See Hyan v. Hummer*, 825 F.3d 1043, 1046 (9th Cir. 2016).

**Affirmative Misrepresentation Claims**

Because the claims premised on affirmative misrepresentations sound in fraud, they must satisfy Fed. R. Civ. P. 9(b)'s heightened pleading standards. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1127 (9th Cir. 2009). Under Rule 9(b), the Plaintiffs must allege their fraud claims with sufficient particularity; that is, they must plead the "who, what, when, where, and how" of the alleged wrongdoing. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The circumstances surrounding the alleged fraud must be specific enough to give Toyota sufficient notice of the alleged misconduct so that it can defend against the claims. *See Vess*.

The Plaintiffs alleged that Toyota misrepresented the hands-free system in statements such as "Drive Safely with Hands Free In-Car Navigation & Calling" and that the system would "work with your smartphone to provide hands-free calling." *See Kearns*, 567 F.3d at 1126. The Plaintiffs alleged that they saw those misrepresentations, prior to purchasing or leasing their Toyota vehicles, on Toyota's website and in Toyota's marketing materials at Toyota dealerships. Further, the Plaintiffs alleged that the statements were misleading because the hands-free systems did not work as represented due to the Echo Defect.

Thus, the Plaintiffs adequately alleged their claims premised on affirmative misrepresentations. *See Kearns*.

**Omission Claims**

While the Plaintiffs' claims premised on omissions, also, sound in fraud, Rule 9(b)'s particularity requirements as to those claims are slightly relaxed because a plaintiff cannot plead a non-disclosure as specifically as an affirmative misrepresentation; when "alleging a failure to act instead of an affirmative act, the plaintiff cannot point out the specific moment when the defendant failed to act." *See Baggett v. Hewlett-Packard Co.*, 582 F. Supp. 2d 1261, 1267 (C.D. Cal. 2007).

Here, the Plaintiffs' allegations – that Toyota failed to disclose the existence of the Echo Defect, the defect's severity, and the lack of an adequate repair, and that

those failures to disclose influenced the Plaintiffs' purchase decisions – adequately described the circumstances surrounding the alleged fraud and gave sufficient notice to Toyota for it to defend against the omission claims. *See Vess*, 317 F. 3d at 1106.

Thus, the Plaintiffs adequately alleged their claims premised on omissions.

**Materiality**

Toyota challenged whether the alleged omissions were material under California, New York, Colorado, and Maryland law. Whether the alleged omissions were material is a substantive matter subject to state law. *See Vess*, 317 F.3d at 1105-06.

As to the California Consumer Legal Remedies Act claim, Toyota argued that the Echo Defect must relate to a safety hazard or affect a vehicle's central function. If a defect arose outside of the warranty period, it must relate to a safety hazard. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141 (9th Cir. 2012). Otherwise, the defect does have to relate to a product's central function. *See Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018). Moreover, materiality is usually a question of fact. *See In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d 1155, 1176 (N.D. Cal. 2019). The Echo Defect was alleged to be inherent in the vehicles, and that it rendered the product unusable due to its severity. Whether it actually did render the product unusable is up to the trier of fact to determine. *See In re Apple Inc. Device Performance Litig.*, 386 F. Supp. 3d at 1176. Thus, the FAC contained sufficient allegations of materiality as to the California Consumer Legal Remedies Act claim.

As to the New York Deceptive Law Act claim, an omission is material if it is important to consumers and likely to affect their choice or conduct. *See Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 26 (1995). The Plaintiffs, here, alleged that the New York Plaintiff's conduct would have been influenced by the omitted facts in that he would have negotiated a better purchase price had he known those facts. Thus, the FAC contained sufficient allegations of materiality as to the New York Deceptive Act Law claim.

As to the Colorado Consumer Protection Act claim, a plaintiff must allege that

the disclosure of the omitted fact would have influenced the plaintiff's purchasing decision. *See Renfro v. Champion Petfoods USA, Inc.*, 25 F.4th 1293, 1303 (10th Cir. 2022). The Plaintiffs, here, alleged that the Colorado Plaintiff's behavior would have been influenced in that he would have gotten a better purchase price. Thus, the FAC contained sufficient allegations of materiality as to the Colorado Consumer Protection Act claim.

As to the Maryland Consumer Protection Act claim, an omission is material if a significant amount of consumers would consider the information important in determining their actions. *Benik v. Hatcher*, 358 Md. 507, 525 (2000). The Plaintiffs, here, alleged that the Maryland Plaintiff's actions would have been influenced in that he would have gotten a better purchase price. Thus, the FAC contained sufficient allegations of materiality as to the Maryland Consumer Protection Act claim.

**Knowledge**

While the circumstances surrounding fraud must be pled with particularity, a defendant's knowledge need only be pled generally. Fed. R. Civ. P. 9(b). However, allegations regarding knowledge must satisfy the requirements of Fed. R. Civ. P. 8. *See Punian v. Gillette Co.*, No. CV 14-05028 LHK, 2015 WL 4967535, at *10 (N.D. Cal. Aug. 20, 2015).

The Plaintiffs alleged that Toyota had knowledge of the Echo Defect based on its statements in owners' manuals and various Toyota communications, which is sufficient under the less stringent pleading standard. *See Clark v. Am. Honda Motor Co.*, 528 F. Supp. 3d 1108, 1116 (C.D. Cal. 2021). Thus, the Plaintiffs sufficiently alleged Toyota's knowledge.

**Statutes of Limitations**

As to the Arizona Consumer Fraud Act claim, its one-year statute of limitations begins to run when a plaintiff knows, or should have known, of the alleged fraud. *Alaface v. Nat'l Inv. Co.*, 181 Ariz. 586, 591 (Ariz. Ct. App. 1994). Here, the Plaintiffs alleged that the Arizona Plaintiff purchased her vehicle in April, 2018, but

there were no allegations as to when the Echo Defect was discovered.

As to the Colorado Consumer Protection Act claim, its three-year statute of limitations begins to run when a plaintiff knows, or should have known, of the alleged fraud. *See* Colo. Rev. Stat. § 4-2-725. Here, the Plaintiffs alleged that the Colorado Plaintiff purchased his vehicle in March 2018, but, again, there were no allegations as to when the Echo Defect was discovered.

As to the Georgia Fair Business Practices Act claim, its two-year statute of limitations begins to run when a plaintiff knows, or should have known, of the alleged fraud. *See* Ga. Code Ann. § 10-1-401(1). Here, the Plaintiffs alleged that the Georgia Plaintiff purchased his vehicle sometime in 2018, but there were no allegations as to when the Echo Defect was discovered.

As to the Maryland Consumer Protection Act claim, its three-year statute of limitations begins to run when a plaintiff knows, or should have known, of the alleged fraud. *See Miller v. Pac. Shore Funding*, 224 F. Supp. 2d 977, 985 (D. Md. 2002), aff'd, 92 F. App'x 933 (4th Cir. 2004). Here, the Plaintiffs alleged that the Maryland plaintiff purchased his vehicle sometime in 2018, but there were no allegations as to when the Echo Defect was discovered.

Plaintiffs need not plead facts affirmatively showing that their claims are not time-barred. *See McIntyre v. Eugene School Dist. 4J*, 976 F3d 902, 909 & fn. 6 (9th Cir. 2020). In reading the claims for violation of the Arizona Consumer Fraud Act, the Colorado Consumer Protection Act, the Georgia Fair Business Practices Act, and the Maryland Consumer Protection Act in the light most favorable to the Plaintiffs, it is plausible that those claims were filed within their limitations periods. *See Iqbal*, 556 U.S. at 678. Thus, those claims cannot be dismissed at this procedural juncture.

**Ohio Consumer Sales Practices Act Class Claim**

Before a plaintiff can bring a class claim under the Ohio Consumer Sales Practices Act, there must have been either an administrative rule or an Ohio state court case that had previously deemed the alleged conduct to be deceptive. Ohio Rev. Code

§ 1345.09(B).  There was no citation in the FAC to any administrative rule or an Ohio state court case.  Thus, the question, here, is whether the Plaintiffs must allege the specific administrative rule or Ohio state court case to sufficiently state a class claim for violation of the Ohio Consumer Sales Practices Act.  Because that question is a matter of procedural law, it must be answered using federal pleading standards.  *See Hyan*, 825 F.3d at 1046.  Generally, under federal pleading standards, a plaintiff must allege sufficient facts so as to give fair notice of each claim and need not allege every element of each claim.  *See Twombly*, 550 U.S. at 555.  Thus, Plaintiffs need not allege the specific rule or case to state a class claim.

However, because Toyota argued in its motion to dismiss that there is no Ohio administrative rule or state court case that had previously deemed the alleged conduct to be deceptive, the Plaintiffs must, now, come forward with that rule or case.  In their opposition, the Plaintiffs argued that Ohio Admin. Code 109:4-3-16(B)(3) permits their class claim to proceed.

Code 109:4-3-16(B)(3) states that "[i]t shall be a deceptive and unfair act or practice for a dealer, manufacturer, advertising association, or advertising group, in connection with the advertisement or sale of a motor vehicle, to: (3) Use any statement, layout, or illustration in any advertisement or sales presentation which could create in the mind of a reasonable consumer a false impression as to any material aspect of said advertised or offered vehicle, or to convey or permit an erroneous impression as to which vehicles are offered for sale at which prices."  Ohio Admin. Code 109:4-3-16(B)(3).

Code 109:4-3-16(B)(3) satisfies Ohio Rev. Code § 1345.09(B), here.  Code 109:4-3-16(B)(3) previously deemed the conduct alleged in the FAC to be deceptive.

Accordingly, the class claim for violation of the Ohio Consumer Sales Practices Act will not be dismissed.

**Illinois Consumer Fraud Act Claim**

The Plaintiffs alleged two separate claims under the Illinois Consumer Fraud

Act – one premised on deceptive practices and one premised on unfair business practices. Both of those claims are based on the same factual allegations. When a plaintiff relies on the same facts to plead both deceptive practices claim and an unfair business practices claim under the Illinois Consumer Fraud Act, those claims are duplicative, and one must be dismissed. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014).

Consequently, the Court must dismiss the Illinois Consumer Fraud Act claim based on deception because it was alleged later in the FAC.

**Equitable Relief**

To state a claim for equitable relief, the Plaintiffs must have alleged that their available legal remedies are inadequate. *See Sonner v. Premier Nutrition Corp.*, 971 F. 3d 834, 844 (9th Cir. 2020). However, they failed to do so. Thus, the Plaintiffs' claims that are equitable in nature or seek only equitable relief will be dismissed, while the prayers for equitable relief for claims that seek both legal and equitable remedies will be stricken.

The parties agree that the claims under California's Unfair Competition Law, the Illinois Consumer Fraud Act, and the Florida Deceptive Trade Practices Act seek only equitable relief. Consequently, those claims will be dismissed in their entirety.

Further, the parties agree that the claims under the Arizona Consumer Fraud Act, the Colorado Consumer Protection Act, the New York Deceptive Acts Law, the New York False Advertising Law, the North Carolina Deceptive Acts Law, the Washington Consumer Protection Act, the Georgia Fair Business Practices Act, the Georgia Uniform Deceptive Trade Practices Act, the Ohio Consumer Sales Practices Act, and the New Jersey Consumer Fraud Act request both legal and equitable relief. Consequently, the prayers for equitable relief for those claims should be stricken.

Finally, the parties disagree as to whether the claims for unjust enrichment under Illinois and Florida law are equitable claims. Contrary to the Plaintiffs' arguments, unjust enrichment under Florida law is an equitable claim. *See Am. Honda Motor Co.,*

*Inc. v. Motorcycle Info. Network, Inc.*, 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005). Further, unjust enrichment under Illinois law is, also, an equitable claim. *See Gociman v. Loyola Univ. of Chicago*, 41 F.4th 873, 886 (7th Cir. 2022). Thus, those claims should, also, be dismissed.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the Plaintiffs' claims based on California's Unfair Competition Law, the Illinois Consumer Fraud Act, the Florida Deceptive Trade Practices Act, and for unjust enrichment under Illinois and Florida law be, and hereby are, 𝕯𝖎𝖘𝖒𝖎𝖘𝖘𝖊𝖉 without prejudice.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the prayers for equitable relief for the Plaintiffs' claims based on the Arizona Consumer Fraud Act, the Colorado Consumer Protection Act, the New York Deceptive Acts Law, the New York False Advertising Law, the North Carolina Deceptive Acts Law, the Washington Consumer Protection Act, the Georgia Fair Business Practices Act, the Georgia Uniform Deceptive Trade Practices Act, the Ohio Consumer Sales Practices Act, and the New Jersey Consumer Fraud Act be, and hereby are, 𝕾𝖙𝖗𝖎𝖈𝖐𝖊𝖓.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Defendant Toyota Motor Sales USA, Inc.'s motion to dismiss the remaining claims be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉.

Date: September 19, 2022

Terry J. Hatter, Jr.
Senior United States District Judge