# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| GLENN KESSELMAN, *et al.*, | CV 21-06010 TJH (JCx) |
| Plaintiffs, | |
| v. | Order |
| TOYOTA MOTOR SALES, U.S.A., INC., *et al.*, | |
| Defendants. | |

The Court has considered the unopposed motion for conditional class certification and preliminary approval of the class action settlement filed by Plaintiffs Karen Ambrose, Paul Arellano, Jamie Brown, Kirk Coviello, David Douglas, Josh Downs, Juan Giraldo, Craig Granger, Glenn Kesselman, Matthew Shaffer, Wayne Slates, and Mitchell Trockman [collectively, "the Toyota Plaintiffs"] [dkt. # 145], together with the moving papers.

On June 16, 2021, Kesselman filed this putative class action in Los Angeles County Superior Court against Defendants Toyota Sales, U.S.A., Inc. ["Toyota Sales"], Toyota Motor North America, Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. [collectively, "the Toyota Defendants"]. On July

26, 2021, the Toyota Defendants removed. This case was, originally, assigned to Judge André Birotte, Jr.

On December 29, 2021, Kesselman and 14 other named plaintiffs filed a First Amended Complaint against the Toyota Defendants, which consolidated *Menzel v. Toyota Motor Sales, U.S.A., Inc.*, CV 21-00781 MMH (M.D. Fla.) and *Lawler v. Toyota Motor Sales, U.S.A., Inc.*, CV 21-00354 NJR (S.D. Ill.) into this case.

The First Amended Complaint alleged 22 claims for violations of the following consumer fraud statutes from 15 states: (1) California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*; (2) California's Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.*; (3) Arizona's Consumer Fraud Act, Ariz. Rev. Stat. § 44-1521, *et seq.*; (4) Colorado's Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, *et seq.*; (5) New York's General Business Law for Deceptive Acts or Practices, N.Y. Gen. Bus. § 349; (6) New York's General Business Law for False Advertising, N.Y. Gen. Bus. § 350; (7) Maryland's Consumer Protection Act, Md. Com. Law. § 13-101, *et seq.*; (8) North Carolina's Unfair and Deceptive Acts and Practices Act, N.C. Gen. Stat § 75-1.1, *et seq.*; (9) Washington's Consumer Protection Act, Wash. Rev. Code § 19.86.010, *et seq.*; (10) Illinois's Consumer Fraud and Deceptive Business Practice Act, by means of unfair business practices, 815 Ill. Comp. Stat. § 505/1, *et seq.*; (11) Illinois's Consumer Fraud Act by means of deception, 815 Ill. Comp. Stat. § 505/1, *et seq.*; (12) Unjust Enrichment under Illinois law; (13) Pennsylvania's Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1, *et seq.*; (14) Georgia's Fair Business Practices Act, Ga. Code Ann. § 10-1-390, *et seq.*; (15) Georgia's Uniform Deceptive Trade Practices Act, Ga. Code Ann. § 10-1-370, *et seq.*; (16) Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201, *et seq.*; (17) Unjust Enrichment under Florida law; (18) Ohio's Consumer Sales Practices Act, Ohio Rev. Code Ann. § 1345.01, *et seq.*; (19) Oregon's Unlawful Trade Practices Act, Oregon Rev. Stat. § 646.605, *et seq.*; (20) New Jersey's Consumer Fraud Act, N.J. Stat. Ann. § 56:8-1, *et seq.*; (21) Minnesota's Prevention

of Consumer Fraud Act, Minn. Stat. § 325f.68, *et seq.*; and (22) Minnesota's Uniform Deceptive Trade Practices Act, Minn. Stat. § 325d.43-48, *et seq.*

On January 28, 2022, Toyota Sales moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the First Amended Complaint for failure to state a claim.

On March 31, 2022, this case was transferred to this Court.

On September 19, 2022, the Court dismissed the claims based on California's Unfair Competition Law, Illinois's Consumer Fraud Act, Florida's Deceptive Trade Practices Act, and for unjust enrichment under Illinois and Florida law. Further, the Court struck the prayers for equitable relief for the claims based on Arizona's Consumer Fraud Act, Colorado's Consumer Protection Act, New York's Deceptive Acts Law, New York's False Advertising Law, North Carolina's Deceptive Acts Law, Washington's Consumer Protection Act, Georgia's Fair Business Practices Act, Georgia's Uniform Deceptive Trade Practices Act, Ohio's Consumer Sales Practices Act, and New Jersey's Consumer Fraud Act.

On October 5, 2022, Kesselman and 13 other named plaintiffs filed a Second Amended Complaint against Toyota Sales, which, also, consolidated *Freeman v. Toyota Motor Sales, U.S.A.*, CV 19-02550 (E.D. Mo.) into this case.

On January 6, 2025, the Toyota Plaintiffs filed a Fifth Amended Complaint against Toyota Sales, alleging that the Bluetooth hands-free cell phone system in their Toyota vehicles were defective because the other parties to their telephone calls hear echos of their own voices. Each of the Toyota Plaintiffs alleged claims for violations of their respective state's consumer protection laws. Consequently, the Fifth Amended Complaint raised claims based on the laws of Arizona, California, Colorado, Georgia, Illinois, Minnesota, Missouri, New York, Ohio, Oregon, and Washington. The Toyota Plaintiffs requested an order requiring Toyota Sales to notify the class members of the echo problem in their Toyota vehicles and provide them with instructions on how to resolve the problem.

The Toyota Plaintiffs now, move for conditional class certification and preliminary

approval of the class action settlement.

**The Proposed Settlement**

There are a total of 1.8 million putative class members. The proposed settlement agreement calls for a settlement class of all individuals and legal entities who, at the time of the initial notice date, owned, purchased, or leased a 2014 to 2019 Toyota 4Runner, 2015 to 2018 Avalon, 2015 to 2018 Avalon HV, 2014 to 2019 Highlander, 2014 to 2019 Highlander HV, 2016 to 2018 Mirai, 2016 to 2019 Prius, 2017 to 2019 Prius Prime, 2015 to 2019 Prius V, 2014 to 2019 Sequoia, 2015 to 2017 Sienna, 2014 to 2019 Tacoma, 2014 to 2019 Tundra, 2015 Venza, or 2018 to 2019 Yaris, in Arizona, California, Colorado, Georgia, Illinois, Minnesota, Missouri, New York, Ohio, Oregon, or Washington.

The proposed settlement provides for class-wide injunctive relief, attorney fees and incentive awards, but does not require any of the class members to waive their monetary claims, if any. The requested injunctive relief is similar to a consent decree in that the parties have agreed that Toyota Sales will create a comprehensive consumer outreach program that will inform class members about the existence of the echo problem and will explain how they can to minimize and/or eliminate it by adjusting the volume.

The proposed settlement calls for a total incentive award of $95,000.00 to be split among the named class representatives, attorneys' fees of up to $2,850,000.00, and litigation costs of up to $300,000.00, all paid by Toyota Sales.

**Class Certification**

To conditionally certify this class action, the Toyota Plaintiffs bear the burden of establishing all four threshold requirements of Fed. R. Civ. P. 23(a): (1) Numerosity of the proposed class members; (2) Commonality of issues of fact and law; (3) Typicality of the named representatives' claims; and (4) Adequacy of the named representatives and class counsel to fairly and adequately pursue the action. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010). The Toyota Plaintiffs, also,

must satisfy at least one of the requirements of Fed. R. Civ. P. 23(b). *See Rodriguez*, 591 F.3d at 1122. Here, the Toyota Plaintiffs seek to certify the class under Rule 23(b)(2), which requires a showing that the injunctive relief is appropriate to the class as a whole.

Numerosity is satisfied when the class is so numerous that joinder of all class members would be impracticable. Fed. R. Civ. P. 23(a)(1). Here, joinder would be impracticable given the large number of putative class members. Thus, numerosity is satisfied.

Commonality is satisfied when the class claims depend on a common contention capable of class-wide resolution, such that the determination of its truth or falsity would "resolve an issue central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Here, the following issues are capable of class-wide resolution: The nature of the echo problem; When Toyota Sales learned of the echo problem; Toyota Sales's sale of the subject Toyota vehicles; and Whether Toyota Sales disclosed, or should have disclosed, the echo problem and the volume adjustment procedure to the class members. Thus, commonality is satisfied.

Typicality is satisfied when the class representatives have the same or similar injury as the class, have been injured by the same course of conduct as the other class members, and the action is not based on conduct unique to the named plaintiffs. *A.B. v. Haw. State Dep't of Educ.*, 30 F.4th 828, 839 (9th Cir. 2022). Here, the Toyota Plaintiffs alleged that Toyota Sales failed to disclose the echo issue and volume adjustment protocol to them. Because that alleged conduct violated their respective states' consumer protection laws, the class representatives' claims are typical of the other class members. Additionally, there is no indication that the class representatives have any claims that are unique to them. Thus, typicality is satisfied.

For the named class representatives and class counsel to be adequate, they must, *inter alia*, not have any conflicts of interest with the putative class. *In re Mego Fin.*

*Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000). A conflict of interest exists where the named class representatives have an interest that is adversarial to the putative class members. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, 895 F.3d 597, 607-08 (9th Cir. 2018). Here, the named class representatives are not receiving a different benefit for their individual claims. Thus, there is no conflict of interest between the named class representatives and the class members. Further, class counsel have provided conflict free representation of the class.

Under Rule 23(b)(2), named class representatives must complain of a pattern or practice that is generally applicable to the class as a whole. *Rodriguez*, 591 F.3d at 1125. The fact that some class members may have suffered no injury or different injuries from the challenged practice does not prevent the class from meeting the requirements of Rule 23(b)(2). *Rodriguez*. The key to a Rule 23(b)(2) class is the indivisible nature of the requested injunctive remedy – the notion that the conduct is such that it can be enjoined unlawful only as to all of the class members or as to none of them. *See Parsons v. Ryan*, 754 F.3d 657, 687 (9th Cir. 2014). Accordingly, a class under Rule 23(b)(2) is appropriate where a single injunction would provide relief to each member of the class. *See Parsons*, 754 F.3d at 687-88.

Because the named class representatives alleged that Toyota Sales failed to disclose the echo problem and volume adjustment procedure to all of the class members, and because a single injunction would provide relief by minimizing and/or eliminating the echo problem for the entire putative class, this case can, properly, be certified under Rule 23(b)(2). *See Jennings v. Rodriguez*, 138 S. Ct. 830, 852 (2018).

Consequently, this case will be certified as a Rule 23(b)(2) class action.

**Preliminary Approval of Class Settlement**

To preliminarily approve a class action settlement, the Court must conclude that the proposed settlement is fundamentally fair, adequate, and reasonable. *See Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992). Indeed, the Court

has a fiduciary duty to protect the absent class members. *Rodriguez v. Disner*, 688 F.3d 645, 656 (9th Cir. 2012). Further, when a settlement is reached before a class is certified, the Court has a heightened obligation to ensure that the class representatives did not secure a disproportionate benefit at the absent putative class members' expense. *See Lane v. Facebook, Inc.*, 696 F.3d 811, 819 (9th Cir. 2012).

Preliminarily, the Court must determine whether the settlement was "the product of an arms-length, non-collusive, negotiated resolution[.]" *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). Here, the proposed settlement was reached through settlement discussions after the Court ruled on various motions and after the parties gave full consideration to their respective legal and factual risks following thorough investigations into the subject Toyota vehicles. Consequently, the Court finds that the proposed settlement was, indeed, "the product of an arms-length, non-collusive, negotiated resolution[.]" *See Rodriguez*.

While Toyota Sales has acknowledged that there is an echo problem in the subject Toyota vehicles, it has continued to deny any wrongdoing. The comprehensive outreach program will, nonetheless, provide all of the class members with information to allow them to minimize and/or eliminate the echo problem volume adjustments.

Further, the comprehensive outreach program will notify the class members of the problem itself. One of the main issues in this case is that many of the class members are, likely, not aware of the echo problem because the echo can be heard only by the other parties to their telephone calls. The Toyota Plaintiffs argued that, if litigation were to continue, there would be contested motions, a trial, and, possibly, an appeal, and a risk that they might not be able to prove damages. The settlement agreement reserves to the class members the right to seek damages at a later time outside of this class action.

Based on the totality of the circumstances, the Court finds that the proposed consent decree is fair, adequate and reasonable.

When the Toyota Plaintiffs move for final approval of the proposed settlement,

they will suggest a fair method to split the $95,000.00 incentive award amongst themselves, and will seek attorneys' fees and costs, that will all be paid by Toyota Sales.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the unopposed motion for conditional class certification and preliminary approval of the class action settlement be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

Date: June 27, 2025

_____
Terry J. Hatter, Jr.
Senior United States District Judge