November 21, 2025



FILED
CLERK, U.S. DISTRICT COURT
NOV 25 2025
CENTRAL DISTRICT OF CALIFORNIA
BY: ___rsm___ DEPUTY

United States District Court
Central District of California
First Street Courthouse
350 W. 1st Street
Los Angeles, California 90012

Re: *Kesselman v. Toyota Motor Sales USA*
Case No. 2:21-cv-06010-TJH-JC (C.D. Cal.)
OBJECTION TO PROPOSED CLASS SETTLEMENT

Dear Sir or Madam:

I am apparently a mandatory member of the class by virtue of my ownership of a 2017 Toyota Tacoma pickup. As set forth below, I object to the proposed settlement terms in this litigation.

Paul Hribernick
2243 NW Doral St.
McMinnville, Oregon 97128
503.706.7012
Email: silenth3947@gmail.com

Explanation of Objection: Please see below.

This objection applies only to me.

I certify to the Court that I have never previously objected to any class action settlement.

I do not intend to personally attend or testify at the Fairness Hearing. As such, I will not be calling any persons to testify at the Fairness Hearing.

I am representing myself and this objection is not made through counsel.

Background of Objector: If it is of any interest to the Court, I retired from the practice of law after 37 years. I was a member of the Oregon Bar, and the Bars of the US District Court for the District of Oregon, the Ninth Circuit, and the US Supreme Court. I clerked for the US District Court for the Eastern District of Louisiana (New Orleans). My Martindale-Hubbell rating was AV Preeminent. My Chambers rating was Band 1. I was a "Super Lawyer" from whenever they started that nonsense until I retired. While my practice did not primarily involve litigation, I successfully litigated matters in my specialty areas at the State and Federal administrative levels, in State and Federal trial courts, and in State and Federal (en banc) appellate courts.

Objection: My Toyota truck is perfectly adequate transportation that is fit for the purpose it was manufactured. It reliably gets me from point A to point B and has done so for nearly eight years. It is not defective or dangerous. Lawyering by sharp litigators has embroiled the manufacturer in years of litigation over a hands-free phone system "echo issue" (for the cell phone user *outside* the vehicle). This is not an issue of road-worthiness or safety, or even common sense, given the proposed "solution" that counsel for the plaintiffs has agreed to: "clarification and disclosure" of a volume adjustment on both the vehicle *and* cell phones that are not part of the vehicle. This settlement has absolutely zero effect on my use of my truck and does absolutely nothing to improve the performance of my vehicle, make it any safer, or make it more road-worthy. The value to me as an owner is absolutely zero. In essence, the class lawyers have created the perfect litigation nothing-burger that Toyota obviously wants to get rid of and is willing to pay to make its own mountain of attorneys fees go away. Given the proposed non-vehicle remedy, there is no real injury to be addressed here and no public benefit from the class lawyers' work. This should be obvious from the paltry $95,000 service award to the class representatives ($7,916.67 per plaintiff). All this litigation has accomplished to tie up the Court's resources for years and increase the price of Toyota vehicles, costs that are fractionally borne by me and all Toyota owners, both as taxpayers and Toyota vehicle and/or ongoing services purchasers. The class lawyers have fallen short of the FRCP 23(a)(4) requirement to "fairly and adequately" represent the class. I don't think one can articulate how the "clarification and disclosure" remedy actually helps any class member. The social utility of the litigation is nil (probably negative), yet the class lawyers' request $2,850,000 (plus costs) for their lifesaving efforts on behalf of the class. That Toyota is willing to pay to make the litigation go away, does not require the Court to agree to the fee proposal in the proposed settlement. The Court has discretion in awarding fees, and I urge the Court to use its discretion to drastically lower the fee award requested by class counsel. FRCP 23(h) is clear that the Court **"may"** (not "shall") award attorneys fees. The alternative "lodestar" methodology is totally inappropriate in this circumstance given the non-existent benefit to the class (thank you

very much, but I can contact the dealer to get the volume issue, if any, resolved) and the fact that the attorneys fees request is **30 times** the monetary settlement amount. More appropriate for the earth-shattering efforts of the class lawyers would be the "percentage of remedy" alternative. Take Toyota's readily ascertainable internal costs for the "clarification and disclosure" remedy, add the monetary service fee award, and multiply the sum by the standard contingent fee percentage for a case settled before trial. Under FRCP 23(h), attorneys fees are not mandatory and in this particular "let's-find-something-to-litigate-about" case, the Court should use its discretion to avoid rewarding litigation that accomplishes nothing.

Paul Hribernick

I certify that on November 21, 2025, I mailed a copy of this objection, First Class mail proper postage attached, to class counsel Mikel M. Arias, class counsel Kevin P. Green, and Toyota counsel John P. Hooper, at each counsel's respective address as indicated in Section 12 of the Court's instructions ("How do I tell the Court if I do not like the Settlement?").

Paul Hribernick



M. Works & P. Halbernick
2243 NW Doral St.
McMinnville OR 97128

CLERK, U.S. DISTRICT COURT
RECEIVED
NOV 25 2025
CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

PORTLAND OR RPDC 972
21 NOV 2025 PM 6 L

Sub
United States District Court
Central District of California
First Street courthouse
350 W. 1st Street, courtroom #9C
Los Angeles, California
90012