## CLASS MEMBER'S OBJECTION TO PROPOSED SETTLEMENT AGREEMENT

*Kesselman v. Toyota Motor Sales, U.S.A., Inc., et al.*
No. 2:21-cv-06010-TJH-JC

- **Your full name, current residential address, mailing address (if different), telephone number, and e-mail address**[1]

    Ian Rexroad, 1041 Redway Ave, Cincinnati, OH. 773-273-9929. wgnmnd at gmail dot com.

- **An explanation of the basis upon which you claim to be a Class Member, including the make, model year, and VIN(s) of the Subject Vehicle(s), the State in which you purchased or leased the Subject Vehicle, and the date of purchase/lease**

    I am a class member by virtue of purchasing a 2017 Toyota Sienna in Ohio in September 2017 (VIN ending -4305), which I still own in Ohio.

- **Whether the objection applies only to you, to a specific subset of the Class or to the entire Class, and all grounds for the objection, accompanied by any legal support for the objection, and any documents or other evidence you believe supports the objection**

    I speak only for myself. This objection is to the proposed attorneys' fees award and service awards for class representatives and, therefore, relates to the entire class. The objection and its grounds are stated below beginning on page 3.

- **The number of times you have objected to a class action settlement within the five years preceding the date that you file the objection to this Settlement, the caption and case number of each case in which you have made such objection and the caption and case number of any related appeal, and a copy of any orders related to or ruling upon your prior such objections that were issued by the trial and appellate courts in each listed case**

- **If you have not made any such prior objection, you shall affirmatively so state in the written materials provided with the objection**

    These two prompts (particularly the word "shall") signal that this information disclosure is a mandatory prerequisite to class members commenting on or objecting to the proposed settlement in this case. Yet no such disclosure requirement can be found in F.R.Civ.P. 23, C.D.Cal. Local Rule 23, the U.S. Code, Judge Hatter's standing orders, or the order in this case preliminarily approving the settlement (Dkt. 153). It appears that class counsel have added this requirement on their own initiative.

    Class members in federal cases are <u>entitled</u> to raise objections to proposed settlements prior to court approval, *see* Rule 23(e)(5)(A). While it is reasonable to require that an objector submits information necessary to determine that they belong to the class, no further inquiry into their

---

[1] Information prompts are copied from the settlement website's instructions for objecting. https://toyotaechosettlement.com/Home/FAQ#faq12 as accessed Jan. 7, 2026.

identity or prior interaction with the judicial system is relevant or appropriate merely to be heard in the first instance. Nor does such disclosure make the objector's arguments more or less relevant or persuasive.[2]

Class counsel's demand that class members recite a complete list of unrelated filings in unrelated causes, and their resolution, in order to exercise our right under Rule 23(e)(5)(A) is clearly "designed to discourage objections, in order to enhance the likelihood of final approval of the settlement…" Lackawanna Chiropractic P.C. v. Tivity Health Support, LLC, 18-CV-00649, 2019 U.S. Dist. LEXIS 148756, p.11 (W.D.N.Y. Aug. 29, 2019) (rejecting similar requirements including previous-objection disclosure).

This language also strongly implies (especially to laypersons) that the right to object in federal class actions can somehow be diluted or exhausted if exercised more than once in a five-year period, irrespective of the merits of the objection(s). A competent and zealous advocate would not mislead their clients into believing that procedural rights could disappear merely because they were exercised.

Submitting information or papers from unrelated cases (or stating that none exist) in order to exercise the right to object in this case is not required by law, would add irrelevant materials to the record of this case, and is not an appropriate method of screening out frivolous objections. The assertion that such information is required creates a significant risk that class members' right to object has already been chilled in this case and that laypersons who encounter the language will not "fully understand" their rights in the class action context, a risk that Congress identified as a significant problem more than 20 years ago. (Class Action Fairness Act of 2005, Pub. L. 109-2, Sec. 2(a)(3)(C); 28 U.S.C. 1711 note.)

I am disappointed that class counsel have demanded this irrelevant information and decline to provide it.

- **A list of all persons who will be called to testify at the Fairness Hearing in support of the objection**

    I do not intend to call any witnesses at the hearing.

- **A statement confirming whether you intend to personally appear and/or testify at the Fairness Hearing**

    I do not intend to appear or testify at the hearing.

---

[2] In the event that an objector's arguments are confusing, meritless, or irrelevant, the judge is competent to ignore them or request clarification. If an objector vexatiously multiplies the proceedings or files an appeal for an improper purpose, courts already have adequate tools to respond to and deter such misconduct, *e.g.*, requiring a bond under F.R.App.P. 7 or ordering sanctions under various authorities.

## GROUNDS FOR OBJECTION

As an initial matter, I agree with the arguments of Objector Hribernick (Dkt. 160) and urge the court to not reward class counsel for creating "the perfect litigation nothing-burger." I write separately to identify additional reasons why the proposed attorneys' fees and representative awards are inappropriate.

### CLASS COUNSEL HAVE FAILED TO FAIRLY AND ADEQUATELY REPRESENT THE CLASS BY DELIBERATELY CHILLING MEMBERS' RIGHT TO OBJECT TO THE PROPOSED SETTLEMENT

As explained more fully above, class counsel's primary focus in the settlement process has been to secure payouts for the attorneys and named plaintiffs. To advance those goals, class counsel added disclosure requirements beyond what is necessary or appropriate, likely in order to discourage would-be objectors from exercising their rights under F.R.Civ.P. 23(e)(5)(A). If the proposed settlement truly were fair and reasonable, then class counsel would have no reason to fear objections as they would be easily rebutted (if they came at all).

It is telling that class counsel instead hoped to silence class members in this case and also imply to non-lawyers that it would be inappropriate to file Rule 23(e)(5)(A) objections in more than one case within a five-year-period or else their right to object would be diminished. This court should reject class counsel's attempt to chill objections which demonstrates that counsel is primarily interested in representing the named plaintiffs and their own business, not zealously representing the interests of the entire class that they chose to define and sought out.

The prescribed method of objecting also requires that objectors place their personal information on the court's public docket merely to be heard, which is an additional deterrent to objecting.[3] Class counsel have not treated the unnamed members fairly nor adequately represented us.

### CLASS COUNSEL HAVE FAILED TO FAIRLY AND ADEQUATELY REPRESENT THE CLASS BY ADVISING MEMBERS TO VIOLATE THIS COURT'S RULES

At least two objectors before me mailed their objections through this court's clerk's office. The clerk docketed the objections at Dkts. 156, 157, 158, and 160, however, they noted that these filings violated Local Rule 83-2.5 and warned that some objections could be stricken because of the violation (*See*, Dkts. 159 & 161).

---

[3] According to class counsel, "the reputational risks of being named in public litigation" are significant, justifying hefty service awards for the representatives. (Dkt. 162-1 at Page ID 3804.) Yet counsel apparently gave no thought to requiring that *objectors* shoulder the same risks and without any compensation. Although I have not reviewed every docket item, as best I can tell, the class representatives have not disclosed their own home addresses, mailing addresses, phone numbers, email addresses, or relevant VINs on the public docket, nor personally signed any publicly filed papers, despite requiring that objectors do all of those things, *even if* represented by independent counsel.

The clerk's actions make sense. Non-parties mailing letters to the judge regarding a specific case is usually frowned upon, and rightly so. However, in this case, that is exactly what class counsel instructed objectors to do. The public settlement website says that objections are to be filed "electronically with the Court" (presumably this would require hiring local counsel with CM/ECF access in this district) or mailed "to the Clerk of the Court, Class Counsel and Toyota's counsel" with addresses provided for all three.

> You must file your objection electronically with the Court, or mail your objection to the Clerk of the Court, Class Counsel and Toyota's counsel with a postmark of, on or before January 14, 2026.
>
> | Clerk of Court | Class Counsel | Toyota's Counsel |
> |---|---|---|
> | United States District Court<br>Central District of California<br>First Street Courthouse<br>350 W. 1st Street, Courtroom #9C, 9th Floor (or as assigned)<br>Los Angeles, California 90012 | Mickel M. Arias<br>Arias Sanguinetti Wang and Team LLP<br>6701 Center Drive West, 14th Floor<br>Los Angeles, CA 90045<br>Toyotasettlement@aswtlawyers.com<br><br>Kevin P. Green<br>Goldenberg Heller & Antognoli, P.C.<br>2227 South State Route 157<br>Edwardsville, Illinois 62025<br>Toyotasettlement@ghalaw.com | John P. Hooper<br>King & Spalding LLP<br>1185 Avenue of the Americas,<br>34th Floor<br>New York, New York 10036<br>jhooper@kslaw.com |
>
> If you intend to appear at the Fairness Hearing, either in person or through personal counsel hired at your expense, you or your attorney(s) who intend to appear must also deliver a notice of intention to appear to Class Counsel and to Toyota's Counsel at the addresses listed above, and file that notice with the Court, by January 14, 2026.

(https://toyotaechosettlement.com/Home/FAQ#faq12 Accessed Jan. 7, 2026.) This mirrors the Settlement Agreement which references mailing objections directly to the clerk in at least four places, *see* Dkt. 145-3 at Page IDs 3452, 3503-3504, 3508-3509, and 3532.

Since it's possible that the earlier deficiency notices were in error, I called the clerk's office to ask.[4] I was advised that the local rule was correctly applied and that mailing class settlement objections to the clerk's office for filing contravenes the rule. Unfortunately, because the clerk's office was unable to give advice on an alternative method of transmitting objections, and because class counsel have made no representations that they will fairly present objections which are sent only to the attorneys, nor arranged for an independent settlement administrator to collect objections, I must also follow the instructions given and ask the court's forgiveness for this additional violation of L.R. 83-2.5.

Whatever penalties might be appropriate for the violations of L.R. 83-2.5 in this case should be applied to the class counsel who provided inadequate legal advice, not to the objectors who were given no alternative pathway for exercising our rights under Rule 23(e)(5)(A) without hiring external counsel. Had class counsel done an adequate job in representing the non-named class members, they would have provided an affordable manner to object to the settlement that does not violate this court's rules.

---

[4] The individual I spoke to was polite and helpful. I'm certain that similar courtesy would have been given to class counsel had they asked for the clerk's preferred way to handle objections.

CLASS COUNSEL AND THE CLASS REPRESENTATIVES HAVE NOT BENEFITTED THE CLASS

For their efforts in this case, class counsel and the representatives have achieved no meaningful benefit to the class. This is not a case where many consumers have suffered small harms which, when aggregated in a class, are cumulatively large and for which diligent efforts of class counsel can secure adequate relief for all. Instead, class counsel in this case found a minor annoyance with a popular carmaker's accessory feature and, after six years of motions practice and discovery across multiple cases, ended up with an underwhelming prize: a promise from the manufacturer that it will inform hands-free callers to turn up the volume on their phones and turn down the volume on their car radios.

That's it.

This "promise to inform" has negligible value to the class both in the abstract and specifically here, because the defendant automaker is only agreeing to do <u>what it was already doing</u>.[5] Things might be different if this lawsuit had pressured Toyota to do something *more*, like perform physical repairs or replacements, update software, or otherwise fix the underlying echo issue. Instead, the concession that class counsel and the representative plaintiffs secured is that Toyota will repeat the same troubleshooting advice it's been giving for nearly two decades, but now also through a dedicated website, mailers, and internet ads. (Never mind that this information was already available in owners' manuals and online forums, as cited in the original complaint, and that there's no firm evidence as to how many of the class members have experienced the echo issue at all.[6]) It is difficult to see that any serious benefit will accrue to the class because of class counsel's work in this case.

An obvious response would be that the benefit to the class is small because the class's claims themselves have little or no value, even in the aggregate. (I agree.) However, that makes the requested attorneys' fees and representative awards <u>more</u> suspicious, not less. Minor technical annoyances with car accessory functions where there are no injuries, safety risks, impact to driving functions, or monetary damages do not typically result in multi-million-dollar federal cases and especially not when the unnamed class members get zero monetary relief, not even a coupon.

---

[5] According to the original complaint, this volume up/down advice was already being delivered to customers who sought Toyota's assistance with the echo issue at least by March 9, 2018, prior to this litigation being filed, and likely before then. (*See.* Dkt. 1 p.35, discussing the advice published in "Tech Tips" by Toyota in 2018 and 2020. *See also* Dkt. 1 pp.15-30, discussing the same advice published in owners' manuals as early as 2007, *and* Dkt. 1 p.32, noting that Toyota's technical support personnel were giving the same advice directly in response to owner requests for help as early as 2017.)

[6] Class counsel could have defined the class more narrowly, for example, sweeping in only owners who have experienced the echo issue that is the basis of this litigation.

This is the kind of litigation that Congress had in mind (and which we should not incentivize) when it warned of abuses in the class action context back in 2005:

> "(3) Class members often receive little or no benefit from class actions, and are sometimes harmed, such as where—
>> (A) counsel are awarded large fees, while leaving class members with coupons or other awards of little or no value;
>>
>> (B) unjustified awards are made to certain plaintiffs at the expense of other class members; and
>>
>> (C) confusing notices are published that prevent class members from being able to fully understand and effectively exercise their rights."

Class Action Fairness Act of 2005, Pub. L. 109-2, Sec. 2(a); 28 U.S.C. 1711 note.

## CONCLUSION

I fully understand defendants' motivation to make this case go away, even at the cost of several million dollars, and I have no problem with a large corporation volunteering to part with that money. But class counsel and the class representatives have not demonstrated that they are entitled to <u>all</u> of these funds, or even <u>any</u> of them.

Class counsel have elevated the interests of themselves and the class representatives over those of the rest of the class, made misleading statements and imposed onerous filing requirements intended to deter objections, and instructed class members to violate this court's rules in order to object. Further, whatever the work put in by class counsel and the class representatives, the settled outcome is hardly indistinguishable from the status quo before this suit was filed.

Since the unnamed class members will not benefit from this settlement, it's not clear why nearly one hundred thousand dollars of the proceeds should be awarded to the class representatives and the remainder, more than three million dollars, should be awarded to their attorneys. If this court believes that defendants should pay what they've agreed, then I suggest the funds be distributed on a *cy-près* basis to a worthy charitable cause. At *most*, class counsel should be awarded the "percentage of remedy" calculation suggested by Objector Hribernick (Dkt. 160, p.3).

- **Your original signature and date of signature (an electronic signature or attorney's signature is not sufficient).**

*[signature]*  *6 Jan 26*

*Mailed simultaneously via first class US mail to the Clerk of the Court, Class Counsel, and Toyota's counsel as instructed by the settlement website's "How do I tell the Court if I do not like the Settlement?" section. https://toyotaechosettlement.com/Home/FAQ#faq12.*

Rexroad
1041 Redway Ave
Cincinnati, OH 45229

Class member's settlement objection
*Kesselman v. Toyota Motor Sales*, No. 2:21-cv-06010-TJH-JC

**Clerk of Court**
United States District Court, Central District of California
First Street Courthouse
350 W. 1st Street, Courtroom #9C, 9th Floor
Los Angeles, CA 90012