United States District Court
Central District of California
First Street Courthouse
350 W. 1st Street
Courtroom #9C, 9th Floor (or as assigned)
Los Angeles, California 90012



January 5, 2026


Re:          Kesselman v. Toyota Motor Sales, U.S.A., Inc., et al.

             No. 2:21-cv-06010-TJH-JC;


Your Honor:

In 2017, in Colorado, I purchased a 2015 Toyota 4 Runner (VIN: JTEBU5JR8F5223031). Accordingly, I am a class member by the court's definition. The specific date in 2017 has not been retained in my records, but since I received the class action mailer, I will suggest that class counsel has the specific date should you need it.

I am not a legal expert and I will not be retaining representation in this matter. While I declare that my objection applies to the entire Class, I defer to the judgement of the court to restate my status should I be in error as necessary.

I object to the intentions of my assigned Class counsel in requesting fees amounting to $2,850,000.00.

Having secured agreement from Toyota to notify owners to turn the volume down to avoid audio interference is not worth the $2,850,000.00 that they will request of the court. Accordingly, I ask that the court deny their requested compensation because my class members and I are being used for personal enrichment exceeding the value brought by the efforts of class counsel.

I request the court consider my proposal instead. My counsel should be awarded $1.00 for every hour they and their teams can account for in pursuing this case. This will fully compensate my counsel for the value of their time to the class membership.

If the court disagrees with my above proposal, I will ask the court consider a second proposal: I request that my class counsel receive compensation capped at the minimum rates paid by this court to external counsel when required to substitute for the federal public defenders due to a conflict. Surely the hourly rate that we provide to criminal defense counsel would be suitable and fair for all their hard work.

I understand that these proposals substantially differ from what my class counsel has proposed, but I believe firmly that compensation provided to class counsel should not exceed the value it has returned to its class members – the class it sought and established.

As sources, I cite the 1) Class Settlement Notice approved by this court and provided to me by the Administrator via US Mail and 2) the FAQ posted to the court approved settlement website (www.ToyotaEchoSettlement.com). Therein, plaintiff counsel indicates they intend to request an award of $2,850,000.00 for fees, plus costs, plus service awards (1) for 11 class participants (2) and the agreed upon remediation of notifying owners to turn down the volume in our vehicles to avoid interference.

I have submitted no prior objection to preceding class actions, however, I object to the demand that these details be provided. If the court relies on previous objection history, it will prejudice the member's rights to object reasonably in this case without due consideration. It also implies to class members that if they've had an objection in the past, that their objection will be judged differently. This is inherently unfair.

My written objection will stand on its own. None will be called to testify. I will not testify in person. I do not have counsel beyond the appointed class counsel who pursued my inclusion in this class.

Thank you for considering my objection.

Jeffrey Alan Efros

| | |
|---|---|
| Residential & Mailing: | 126 Gold Creek Cir, Folsom, California, 95630 |
| Phone: | 719-649-3736 |
| Email: | jeffrey.efros@gmail.com |

cc:    Mickel M. Arias
       Kevin P. Green
       John P. Hooper

SACRAMENTO CA 957

5 JAN 2026 PM 4 L

RECEIVED CLERK, U.S. DISTRICT COURT

JAN - 9 2025

CENTRAL DISTRICT OF CALIFO

Sub

J. EFROS
1266 GOLD CREEK CIR
FOLSOM, CA 95630

U.S. DISTRICT COURT
CENTRAL DISTRICT OF CA
350 W. 1st Street
COURTROOM #9C, 9th Floor
LOS ANGELES, CA 90012

90012-420350