Mike Arias (CSB #115385)
Craig S. Momita (CSB #163347)
M. Anthony Jenkins (CSB #171958)
**ARIAS SANGUINETTI WANG & TEAM LLP**
6701 Center Drive West, Suite 1400
Los Angeles, CA 90045
Telephone: (310) 844-9696
Facsimile: (310) 861-0168
mike@aswtlawyers.com
craig@aswtlawyers.com
anthony@aswtlawyers.com

[*Additional Counsel Cont'd. After Caption*]

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN KESSELMAN, an individual, on behalf of himself and all others similarly situated, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., a California Corporation<br><br>Defendant. | Case No. 2:21-cv-06010-TJH-JC<br><br>HON. TERRY J. HATTER JR.<br><br>**AMENDED ORDER GRANTING PLAINTIFFS' AMENDED MOTION FOR ATTORNEY'S FEES, EXPENSES, AND SERVICE AWARD** |

**ORDER**

Thomas P. Rosenfeld, *admitted pro hac vice*
Kevin P. Green, *admitted pro hac vice*
Daniel S. Levy, *admitted pro hac vice*
**GOLDENBERG HELLER & ANTOGNOLI, P.C.**
2227 South State Route 157
Edwardsville, IL 62025
Telephone: (618) 656-5150
tom@ghalaw.com
kevin@ghalaw.com
daniel@ghalaw.com

Attorneys for Plaintiffs

Plaintiffs' Amended Motion for Attorney's Fees, Expenses, and Service Award (Dkt. 170) ("Fee Application") came before the Court for hearing on March 2, 2026. The Court has reviewed Plaintiffs' Memorandum in Support of the Fee Application, including all declarations and submissions relating thereto filed with the Court in support of the Fee Application (Dkt. 170-1 to 170-9) and Plaintiffs' *in camera* submissions (*see* Dkt. 172, 175).

Pursuant to Fed. R. Civ. P. 23(h) and 54(d)(2), the Court finds and orders as follows:

1. Plaintiffs request an award of attorneys' fees of $2,850,000, an award of $273,373.96 for litigation costs and expenses, and a combined service award for all plaintiffs, as identified in the Settlement, in the amount of $95,000.

2. The Court finds that these requests are both authorized by the parties' Settlement Agreement (Dkt. 145-3) and by law as set forth in the Fee Application, and that the Settlement Agreement sets forth reasonable procedures and deadlines for payment.

3. This Court will award reasonable attorney's fees to Class Counsel based on the lodestar method. *See, e.g.*, *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 26 (2000) ("In so-called fee shifting cases, in which the responsibility to pay attorney fees is statutorily or otherwise transferred from the prevailing plaintiff or class to the defendant, the primary method for establishing the amount of 'reasonable' attorney fees is the lodestar method"); *Guttmann v. Ole Mexican Foods, Inc.*, 2016 U.S. Dist. LEXIS 100534, *13 (N.D. Cal. Aug. 1, 2016) ("Because the settlement [here] resulted in injunctive relief, the lodestar method is the appropriate measure for calculating attorneys' fees") (quoting *Lilly v. Jamba Juice Co.*, 2015 U.S. Dist. LEXIS 58451, 2015 WL 2062858, *5 (N.D. Cal. May 1, 2015)).

4. An attorney's fees award to Class Counsel in the amount of $2,850,000 is reasonable under the lodestar method. Class Counsel provided detailed information relating to their lodestar (hours worked by Class Counsel along with respective rates),

1

**ORDER**

and the Court finds the total 2814.84 hours worked and hourly rates of Class Counsel, as identified in connection with the Fee Application, to be reasonable. *See Charlebois v. Angels Baseball LP*, 993 F. Supp. 2d 1109, 1115 (C.D. Cal. 2012) ("Under the Lodestar method, Plaintiff's attorneys are entitled to be compensated for 'all hours reasonably spent on the matter.'") (quoting *Serrano v. Unruh*, 32 Cal. 3d 621, 643 (1982); *DeCarlo v. Watermark Ret. Cmtys., LLC*, 2025 U.S. Dist. LEXIS 145693, *4 (C.D. Cal. July 23, 2025) ("Under California law, fee awards should generally be 'fully compensatory'") (quoting *Ketchum v. Moses*, 24 Cal. 4th 1122, 1133 (2001)); *Glaviano v. Sacramento City Unified Sch. Dist.*, 22 Cal. App. 5th 744, 751 (2018) ("The reasonable hourly rate is that prevailing for private attorneys in the community conducting noncontingent litigation of the same type") (citing *Ketchum,* 24 Cal.4th at 1133 and *PLCM Grp., Inc. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000)). The Court is satisfied that Class Counsel sufficiently showed that their hours included in the lodestar figure were reasonably performed on behalf of the Class and that their respective hourly rates are reasonable and consistent with those of private attorneys in the community performing complex class action litigation and are in line with such attorneys of comparable skill, experience, and reputation.

5.    Further, the Court finds that Class Counsel's requested modest multiplier (1.05 as of December 2025), which the Court agrees has been reduced based on Class Counsel's continued work thereafter in connection with this litigation, is warranted in light of the relevant factors for adjusting an attorney's lodestar figure, including, *inter alia*, the nature and difficulty of this technically complex litigation, the skill required and employed to handle the case, the benefits obtained, Class Counsel's preclusion of other employment in handling this matter, and the contingent nature of Class Counsel's fee and associated substantial risk undertaken by Class Counsel in prosecuting this matter. *See Guzman v. FCA US LLC*, 2024 U.S. Dist. LEXIS 232394, *3-4 (C.D. Cal. Oct. 3, 2024) (citing *Cavalry SPV I, LLC v. Watkins*, 36 Cal. App. 5th 1070, 1101 (2019)); *see also Nichols v. City of Taft*, 155 Cal. App. 4th 1233, 1240

**ORDER**

(2007); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011)). Additionally, the 1.05 multiplier is well within the accepted range. *See, e.g.*, *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 66 (2008) (multiplier of 2.5); *Pellegrino v. Robert Half Internat., Inc.*, 182 Cal. App. 4th 278, 291 (2010) (multiplier of 1.75); *Gutierrez v. Amplify Energy Corp.*, 2023 U.S. Dist. LEXIS 72861, *30 (C.D. Cal. Apr. 24, 2023) (multipliers ranging from 1.0-4.0 presumptively acceptable in Ninth Circuit).

The Court further finds the requested fee reasonable in light of the conservative valuation of the injunctive relief performed by Christian Tregillis (Dkt. 162-8). The fee requested represents 12.67% of this conservative value of the injunctive relief— far below the 25% benchmark common in the Ninth Circuit. *See DeCarlo*, 2025 U.S. Dist. LEXIS 145693 at *8-9 (performing "percentage-of-recovery cross check and finding fee representing 20% of recovery "falls well within the range approved in other cases").

6.     The Court also finds that Class Counsel sufficiently identified their costs and expenses reasonably incurred in litigating this matter and that an award of expenses and costs of $273,373.96 will reimburse Class Counsel for costs and expenses that they reasonably bore during the course of this case.

7.     Further, the Court finds a combined service award to plaintiffs of $95,000 to be fair and reasonable, divided as follows among the plaintiffs identified in the Settlement: $2,500 to Plaintiff Coviello, who did not have a vehicle inspection or sit for a deposition; $5,000 to Plaintiffs Granger and Freeman who had vehicle inspections but did not sit for a deposition; and $7,500 to each of the other Plaintiffs, who all had vehicle inspections and sat for a deposition. These amounts are in-line with service awards regularly found reasonable by courts within this circuit for plaintiffs who have performed similar amounts of work on behalf of a class (*see, e.g.*, *DeCarlo*, 2025 U.S. Dist. LEXIS 145693 at *12), and are warranted in light of, *inter alia*, their extensive and continued work performed on behalf of the Class. The Court agrees with Class Counsel and finds that each Plaintiff has been helpful, responsive,

3

**ORDER**

engaged, and willing to devote their time and effort to this litigation, stood up for the Class Members' rights despite the reputational damage they incurred in being named a litigant in the public records, and understood and were willing to bear additional invasion of their private matters through the discovery process. *Gaston v. Fabfitfun, Inc.*, 2021 U.S. Dist. LEXIS 250695, *4 (C.D. Cal. Dec. 9, 2021). A combined $95,000 service award is therefore reasonable, with the plaintiffs who both had a vehicle inspection and sat for their deposition being awarded $7,500, plaintiffs who had a vehicle inspection but did not sit for their deposition being awarded $5,000, and the plaintiff who did not have a vehicle inspection or sit for a deposition being awarded $2,500.

**NOW THEREFORE, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.    Class Counsel is awarded attorney's fees in the amount of $2,850,000, to be paid by Defendant pursuant to the terms of the Settlement.

2.    Class Counsel is awarded $273,373.96 in costs and expenses, to be paid by Defendant pursuant to the terms of the Settlement.

3.    The named plaintiffs, as identified in the Settlement, are awarded a combined service award of $95,000, to be paid by Defendant pursuant to the terms of the Settlement, and divided as follows: $2,500 to Plaintiff Coviello; $5,000 to Plaintiffs Granger and Freeman; and $7,500 to each of the other Plaintiffs.

4.    To the extent objections have been made to the Fee Application or amounts set forth above, they are overruled.

4
ORDER

5.     Good cause appearing, the Court finds pursuant to Rule 54(b) that there is no just reason for delay of enforcement or appeal of this Order, and it is expressly directed that this Order be, and hereby is, entered as a final and appealable order.

**IT IS SO ORDERED**:

Date: <u>March 24, 2026</u>

HONORABLE TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

5

**ORDER**