# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| GLENN KESSELMAN, *et al.*, *individually and on behalf of similarly situated individuals*,<br><br>Plaintiff,<br><br>    v.<br><br>TOYOTA MOTOR SALES, U.S.A., INC., *et al.*,<br><br>Defendants. | Case No.: 2:21-cv-06010-TJH-JC<br>Hon. Terry J. Hatter, Jr.<br><br>**FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT** |

FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT

**WHEREAS**, the Court, having considered the Settlement Agreement dated January 30, 2025, (the "Settlement Agreement") (Dkt. 145-3) between and among Plaintiffs and Defendant Toyota Motor Sales, U.S.A., Inc. ("Toyota"), the Court's June 27, 2025, Order granting preliminary approval of the Settlement and certifying the Class for settlement purposes only and subject to final approval, its Order scheduling settlement deadlines and scheduling a final Fairness Hearing (Dkt. 155), having held a Fairness Hearing on March 2, 2026, and having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefor;

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      This Final Order Approving Class Action Settlement ("Final Order") incorporates herein and makes a part hereof the Settlement Agreement and its exhibits and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement Agreement and Preliminary Approval Order shall have the same meanings for purposes of this Final Order and accompanying Final Judgment.

2.      The Court has personal jurisdiction over all parties in the Action pursuant to 28 U.S.C. § 1332, including, but not limited to all Class Members, and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the Settlement Agreement, grant final certification of the Class, settle and release all claims released in the Settlement Agreement, and dismiss the Action with prejudice and enter final judgment in the Action. Venue is proper in this district.

**I.      THE SETTLEMENT CLASS**

3.      Based on the record before the Court, including all submissions in support of the settlement set forth in the Settlement Agreement ("Settlement"), objections and responses thereto and all prior proceedings in the Action, as well as the Settlement Agreement itself and its related documents and exhibits, the Court

2

hereby confirms the certification of the following Class (the "Class") for settlement purposes only:

> All individuals or legal entities who, at any time as of the occurrence of the Initial Notice Date, own(ed), purchase(d), or lease(d) certain 2014-2019 4Runner, 2015-2018 Avalon, 2015-2018 Avalon HV, 2014-2019 Highlander, 2014-2019 Highlander HV, 2016-2018 Mirai, 2016-2019 Prius, 2017-2019 Prius Prime, 2015-2019 Prius V, 2014-2019 Sequoia, 2015-2017 Sienna, 2014-2019 Tacoma, 2014-2019 Tundra, 2015 Venza, and 2018-2019 Yaris vehicles. in the States of Arizona, California, Colorado, Georgia, Illinois, Minnesota, Missouri, New York, Ohio, Oregon, and Washington. Excluded from the Class are: (a) Toyota, its officers, directors, employees, affiliates and affiliates' officers, directors and employees; distributors and distributors' officers, directors and employees; and Toyota Dealers and Toyota Dealers' officers and directors; (b) Plaintiffs' Counsel; and (c) judicial officers and their immediate family members and associated court staff assigned to this case.

4. Since this Court granted preliminary approval, there have been no "material changes to any of the information relevant to the application of the factors that are used to determine whether the certification of a class is appropriate under Fed. R. Civ. P. 23." *Salas v. Toyota Motor Sales*, 2025 U.S. Dist. LEXIS 4112, *4 (C.D. Cal. Jan. 7, 2025) (quoting *Miller v. Wise Co., Inc.*, No. ED CV17-99616 JAK (PLAx), 2020 WK 1129863, at *4 (C.D. Cal. Feb. 11, 2020)).

5. Therefore, the Court confirms, for settlement purposes and conditioned upon the entry of the Final Order and Final Judgment and upon the occurrence of the Final Effective Date, that the Class meets all the applicable requirements of Fed. R. Civ. P. 23(a) and (b)(2):

FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT

a. *Numerosity*. The Class consists of individuals and legal entities, who at any time as of the occurrence of the Initial Notice Date, own(ed), purchase(d), or lease(d) one of the approximately 1.8 million Subject Vehicles located throughout the States of Arizona, California, Colorado, Georgia, Illinois, Minnesota, Missouri, New York, Ohio, Oregon, and Washington and satisfies the numerosity requirement of Fed. R. Civ. P. 23(a)(1). Joinder of these widely-dispersed, numerous Class Members into one suit would be impracticable.

b. *Commonality*. There are some questions of law or fact common to the Class with regard to the alleged activities of Toyota in this case. These issues are sufficient to establish commonality under Fed. R. Civ. P. 23(a)(2).

c. *Typicality*. The claims of Plaintiffs are typical of the claims of the Class Members they seek to represent for purposes of settlement.

d. *Adequate Representation*. Plaintiffs' interests do not conflict with those of absent members of the Class, and Plaintiffs' interests are co-extensive with those of absent Class Members. Additionally, this Court recognizes the experience of Class Counsel. Plaintiffs and their counsel have prosecuted this Action vigorously on behalf of the Class. The Court finds that the requirement of adequate representation of the Class has been fully met under Fed. R. Civ. P. 23(a)(4).

e. *Injunctive Relief*. Final injunctive relief is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). Here, Plaintiffs' claims regarding the allegedly defective Bluetooth Echo systems and Toyota's disclosures regarding same, and alleged lack thereof, are generally applicable to the Settlement Class. Moreover, the terms of the Settlement provide an Outreach Program to that class as a whole that remedies Plaintiffs' and the Settlement Class's claims by providing users with notice of the existence of the Echo Issue, and clarification and disclosure of the Volume Adjustment Protocol, all of which alleviates an ongoing

FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT

issue in the Subject Vehicles and restores confidence to rely on Toyota's future representations. *See, e.g.*, Fifth Am. Compl. ¶¶ 12-15, 104-105.

6. The Court finds that the Plaintiffs have adequately represented the Class for purposes of entering into and implementing the Settlement Agreement and appoints the named Plaintiffs as the designated Settlement Class Representatives. The Court appoints Mike Arias and M. Anthony Jenkins of Arias Sanguinetti Wang & Team LLP and Thomas P. Rosenfeld, Kevin P. Green, and Daniel S. Levy of Goldenberg Heller & Antognoli, P.C. as Class Counsel.

7. In making all of the foregoing findings, the Court has exercised its discretion in certifying the Fed. R. Civ. P. 23(b)(2) Class.

## II.    NOTICE TO CLASS MEMBERS

8. The settlement in this Action is an injunctive only Federal Rule of Civil Procedure 23(b)(2) settlement, which requires no release of any monetary remedies or statutory damages by any member of the Class. In (b)(2) settlements, courts frequently determine notice to Settlement Class Members and opt-out rights are not necessary. *Padilla v. Whitewave Foods Co.*, No. 2:18-CV-09327-SB-JC, 2021 WL 4902398, at *4 (C.D. Cal. May 10, 2021) ("The Court therefore exercises its discretion and does not direct notice because the settlement does not alter the unnamed class members' legal rights."); *Chan v. Sutter Health Sacramento Sierra Region*, No. LACV1502004JAKAGRX, 2016 WL 7638111, at *14 (C.D. Cal. June 9, 2016) ("Because notice is optional for a Rule 23(b)(2) class ... and the Class Members' rights will not be prejudiced by the Settlement Agreement, notice is not required for purposes of the proposed Settlement Agreement.").

9. Despite the fact that notice is not a requirement for an injunctive-only Rule 23(b)(2) settlement, the record shows and the Court finds that the Notice Program, which was voluntarily agreed to by the Parties, has been given to the Class in the manner approved by the Court. *See* Dkt. 155. The Court finds that such Class Notice (a) is reasonable and constitutes the best practicable notice to Class Members

FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT

under the circumstances; (b) constitutes notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action and the terms of the Settlement Agreement, their right to object to all or any part of the Settlement, their right to appear at the Fairness Hearing (either on their own or through counsel hired at their own expense) and the binding effect of the orders and Final Order and Final Judgment in the Action, whether favorable or unfavorable, on all persons in the Class; and (c) constitutes due, adequate, and sufficient notice to all persons entitled to receive notice under Fed. R. Civ. P. 23 and any other applicable law as well as complying with the Federal Judicial Center's illustrative class action notices.

10.    The Court further finds that Toyota, through the Settlement Outreach Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C. § 1715. Furthermore, the Court has given the appropriate state and federal government officials the requisite ninety-day time period to comment or object to the Settlement before entering its Final Order and Final Judgment.

## III.    FINAL APPROVAL OF SETTLEMENT AGREEMENT

11.    Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's only role in reviewing the substance of that settlement is to ensure that it is "fair, adequate, and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026–27 (9th Cir.1998) (holding that district court should have broad discretion because it "is exposed to the litigants, and their strategies, positions and proof").

12.    A number of factors guide the district court in making that determination, including:

the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent

of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Lane v. Facebook, Inc.*, 9 F.3d 811, 818 (9th Cir. 2012) (*citing Hanlon*, 150 F.3d at 1026); *Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 525 (C.D. Cal. 2004).

13.    Fed. R. Civ. P. 23(e) provides further guidance as to the requisite considerations in evaluating whether a proposed settlement is fair, reasonable and adequate. It states that a court must consider whether:

    (A)    Plaintiffs and Class Counsel have adequately represented the class;

    (B)    the proposal was negotiated at arm's length;

    (C)    the relief provided for the class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv)    any agreement required to be identified under Rule 23(e)(3); and

    (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

14.    The Court finds that the Settlement Agreement resulted from extensive arm's length good faith negotiations between Plaintiffs and Toyota.

15.    The Court further finds the Settlement Agreement is fair, reasonable, and adequate given the strength of the plaintiffs' case, the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery

FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT

completed and the stage of the proceedings; the experience and views of counsel; and the reaction of the class members to the proposed settlement; the effectiveness of the Outreach Program; and the equitable treatment of class members relative to each other. The Court finds that the settlement provides meaningful injunctive relief to the Class, including the disclosure of the existence of the Echo Issue, plus clarification and disclosure of the Volume Adjustment Protocol, without requiring Class Members to release claims for monetary damages. *See Campbell v. Facebook Inc.*, 951 F.3d 1106, 1123 (9th Cir. 2020) (affirming approval of injunctive relief class action settlement that provided targeted relief in the form of disclosures by defendant without waiving class members' claims for monetary damages). As set forth above, that relief provides remedies to the actual and imminent harms described in the Fifth Amended Complaint.

16.   The Court has considered all objections, timely and proper or otherwise, to the Settlement and denies and overrules all of them as without merit. Any Class Member who did not timely file and serve an objection in writing to the Settlement Agreement or Fee Award in accordance with the procedures set forth in the Settlement Agreement is deemed to have waived any such objection by appeal, collateral attack, or otherwise.

17.   Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Class and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Class Action Fairness Act, and any other applicable law. The Court hereby declares that the Settlement Agreement is binding on all Class Members, and it is to be preclusive in the Action.

FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT

18. The Parties are hereby directed to implement and consummate the Settlement according to the terms and provisions of the Settlement Agreement. In addition, the Parties are authorized to agree to and adopt such amendments and modifications to the Settlement Agreement as (a) shall be consistent in all material respects with this Final Order Approving Class Action Settlement, and (b) do not limit the rights of the Class.

## IV.    CLASS COUNSEL'S APPLICATION FOR ATTORNEYS' FEES, COSTS AND EXPENSES, AND PLAINTIFF SERVICE AWARDS

19. The procedures set forth in Rule 23(h) regarding Class Counsel's Fee Application have been satisfied. The Court sets forth its findings of fact and conclusions of law regarding said motion in a separate order awarding attorneys' fees, costs, and a Service Award, which is incorporated herein by reference. Pursuant thereto, the Court awards Class Counsel $2,850,000.00 as reasonable attorneys' fees and $273,373.96 for litigation costs and expenses, to be paid by Toyota pursuant to the Settlement Agreement. Further, the Court awards a combined service award to Plaintiffs of $95,000 to be paid by Toyota pursuant to the Settlement Agreement and divided as follows among the Plaintiffs identified in the Settlement Agreement: $2,500 to Plaintiff Coviello; $5,000 to Plaintiffs Granger and Freeman; and $7,500 to each of the other Plaintiffs.

## V.    DISMISSAL OF CLAIMS, RELEASE, AND PERMANENT INJUNCTION

20. The Action is hereby dismissed with prejudice on the merits and without costs to any party, except as otherwise provided herein or in the Settlement Agreement.

21. Upon entry of this Final Order and the Final Judgment, each member of the Class, on behalf of themselves and any other legal or natural persons who may claim by, through or under them, including their executors, administrators, heirs, assigns, predecessors and successors, agree to fully, finally, and forever release,

9

relinquish, acquit, and discharge the Released Parties from any and all injunctive relief, including claims, demands, suits, petitions, liabilities, causes of action, rights, losses, and relief of any kind and/or type for injunctive relief regarding the subject matter of the Action or the Related Action, including, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent or non-contingent, derivative, vicarious or direct, asserted or un-asserted, including, but not limited to, alleged defects in the use, programming, and/or implementation of the hands-free phone system in the Subject Vehicles, and whether based on federal, state or local law, statute, ordinance, rule, regulation, code, contract, tort, fraud or misrepresentation, common law, violations of any state's or territory's deceptive, unlawful, or unfair business or trade practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, or other laws, unjust enrichment, any breaches of express, implied or any other warranties, the Magnuson-Moss Warranty Act, or Song-Beverly Act, or any other source, or any claim of any kind seeking any injunctive relief, in law or in equity, arising from, related to, connected with, and/or in any way involving the Action and/or the Related Action ("Released Claims").

22.    Upon entry of this Final Order and the Final Judgment, Plaintiffs and any other legal or natural persons and entities who or which may claim by, through, or under them, including their executors, administrators, heirs, assigns, predecessors and successors, agree to fully, finally, and forever release, relinquish, acquit, and discharge the Released Parties from any and all relief, including claims, demands, suits, petitions, liabilities, causes of action, rights, losses, damages and relief of any kind and/or type for injunctive relief regarding the subject matter of the Action and/or the Related Action, including, not limited to, injunctive or declaratory relief, compensatory, exemplary, statutory, punitive, restitutionary damages, civil penalties, and expert or attorneys' fees and costs, whether past, present, or future, mature, or not yet mature, known or unknown, suspected or unsuspected, contingent

FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT

or non-contingent, derivative, vicarious or direct, asserted or un-asserted, including, but not limited to, alleged defects in the use, programming, and/or implementation of the hands-free phone system in the Subject Vehicles, and whether based on federal, state or local law, statute, ordinance, rule, regulation, code, contract, tort, fraud or misrepresentation, common law, violations of any state's or territory's deceptive, unlawful, or unfair business or trade practices, false, misleading or fraudulent advertising, consumer fraud or consumer protection statutes, or other laws, unjust enrichment, any breaches of express, implied or any other warranties, the Magnuson-Moss Warranty Act, or Song-Beverly Act, or any other source, or any claim of any kind, in law or in equity, arising from, related to, connected with, and/or in any way involving the Action and/or the Related Action.

23.     Plaintiffs are deemed to acknowledge and waive Section 1542 of the Civil Code of the State of California and any law of any state or territory that is equivalent to Section 1542. Section 1542 provides that:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASE PARTY.**

Plaintiffs expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights. Notwithstanding Plaintiffs' express waiver of any rights conferred under Section 1542 of the Civil Code of the State of California with respect to the Released Claims, the release of the Plaintiffs' claims is limited to claims arising from and related to the facts alleged in the Action, the Fifth Amended

Class Action Complaint, or any amendments of the Class Action Complaint pertaining to the Subject Vehicles' Bluetooth Echo systems.

24. The Court orders that the Settlement Agreement shall be the exclusive remedy for all claims released in the Settlement for all Class Members.

25. All Class Members and their representatives are hereby permanently barred and enjoined from, either directly, through their representatives, or in any other capacity instituting, maintaining, prosecuting, and/or asserting any suit, action, claim, and/or proceeding, whether legal, administrative, or otherwise against the Released Parties, either directly or indirectly, on their own behalf, on behalf of a class or on behalf of any other person or entity seeking any claims for injunctive relief that are encompassed by the Release in the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement and the Action.

## V.  OTHER PROVISIONS

26. Without affecting the finality of this Final Order or the accompanying Final Judgment, the Court retains continuing and exclusive jurisdiction over the Action and all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, to protect and effectuate this Final Order and the accompanying Final Judgment, and for any other necessary purpose. The Parties, Plaintiffs, and each Class Member are hereby deemed to have irrevocably submitted to the exclusive jurisdiction of this Court, for the purpose of any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, including the exhibits thereto, and only for such purposes.

27. In the event that the Final Effective Date does not occur, certification of the Class shall be automatically vacated and this Final Order and the

FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT

accompanying Final Judgment, and other orders entered in connection with the Settlement and releases delivered in connection with the Settlement, shall be vacated and rendered null and void as provided by the Settlement Agreement.

28.    Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

29.    Nothing in this Final Order or the accompanying Final Judgment shall preclude any action in this Court to enforce the terms of the Settlement Agreement.

30.    Neither this Final Order nor the accompanying Final Judgment (nor any document related to the Settlement Agreement) is or shall be construed as an admission by the Parties. Neither the Settlement Agreement (or its exhibits), this Final Order, the accompanying Final Judgment, or any document related to the Settlement Agreement shall be offered in any proceeding as evidence against any of the Parties of any fact or legal claim; provided, however, that Toyota and the Released Parties may file any and all such documents in support of any defense that the Settlement Agreement, this Final Order, the accompanying Final Judgment, and any other related document is binding on and shall have res judicata, collateral estoppel, and/or preclusive effect in any pending or future lawsuit by any person who is subject to the release described above asserting a released claim against any of the Released Parties.

31.    A copy of this Final Order shall be filed in, and applies to, the Action.

SO ORDERED this 24th day of March 2026.

*Terry J. Hatter, Jr.*

HONORABLE TERRY J. HATTER, JR.
UNITED STATES DISTRICT JUDGE

FINAL ORDER APPROVING RULE 23(b)(2) CLASS ACTION SETTLEMENT